JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jeffrey Greenberg | Pearson Education, Inc. |

| (b) County of Residence of First Listed Plaintiff    Miami-Dade | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Maurice Harmon, Amanda Bruss<br>Harmon & Seidman LLC<br>11 Chestnut Street, New Hope, PA 18938, (917) 516-4434 | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☒ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC 3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration<br>❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. Section 501 et. seq.

Brief description of cause:
Copyright Infringement for unauthorized use of photographs

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE<br>01/30/2017 | SIGNATURE OF ATTORNEY OF RECORD<br>*[signature]* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Jeffrey Greenberg | : | CIVIL ACTION |
| v. | : | |
| Pearson Education, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 1-30-2017 | | Jeffrey Greenberg |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (917) 561-4434 | n/a | maurice@harmonseidman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 Reverse  (Rev. 07/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _401 Ocean Beach Drive 0804, Miami Beach, FL 33139_

Address of Defendant: _One Lake Street, Upper Saddle River, NJ 07458_

Place of Accident, Incident or Transaction: _Throughout the United States, including Pennsylvania_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) _____ |
| 11. ☒ All other Federal Question Cases | |
| (Please specify) _Copyright infringement_ | |

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Maurice Harmon_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _January 30, 2017_ _____ _304872_
Attorney-at-Law                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _January 30, 2017_ _____ _304872_
Attorney-at-Law                          Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY GREENBERG,                          )
                                            )
                   Plaintiff,               )    Civil Action No.
                                            )
v.                                          )    COMPLAINT FOR COPYRIGHT INFRINGEMENT
                                            )
PEARSON EDUCATION, INC.                     )    DEMAND FOR JURY TRIAL
                                            )
                   Defendant.               )    ECF CASE
                                            )
                                            )
                                            )

        Plaintiff Jeffrey Greenberg, for his Complaint against Defendant Pearson Education,

Inc. ("Pearson") alleges:

### STATEMENT OF ACTION

        1.      This is an action for copyright infringement brought by Greenberg, the owner of

copyrights to the photographs ("Photographs") described hereafter, against Pearson for

unauthorized uses of Plaintiff's Photographs.

### PARTIES

        2.      Jeffrey Greenberg is a professional photographer who makes his living by creating

and licensing photographs.  He resides in Miami Beach, Florida.

        3.      Pearson is a sophisticated global publisher with its principle place of business in

Upper Saddle River, New Jersey.  Pearson sells and distributes its publications in the Eastern District

of Pennsylvania and throughout the United States, and overseas, including the publications and

ancillary materials in which Plaintiff's photographs are unlawfully reproduced.  At all times pertinent

to the allegations herein, Pearson acted through or in concert with its various imprints, divisions,

subsidiaries, affiliates, and/or third parties.

1

## JURISDICTION

4.    This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

5.    Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

6.    Greenberg is the owner of copyrights in the attached photographic images ("Photographs") depicted in Exhibits 1 – 3.

7.    The Photographs have been registered with the United States Copyright Office or have pending copyright registrations.  For the Photographs with a pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101*, et seq.*

8.    Greenberg entered into licensing agreements with stock photo companies, including PhotoEdit, The Image Works, and Stock Boston (collectively, "the Licensees") granting them limited rights to sublicense Greenberg's photographs to third parties, in exchange for a percentage of the fees they negotiated.

9.    Upon information and belief, between 1997 and the present, Pearson obtained access to the Photographs from the Licensees.  In response to requests from Pearson, the Licensees issued invoices to Pearson, identifying specific publications in which the Photographs were to appear.  *See* Exhibits 1 (listing PhotoEdit invoices)*,* 2 (listing The Image Works invoices) and 3 (listing Stock Boston invoices).  Exhibits 1 – 3 identify the Photographs at issue by Image ID and description, and include the invoice number, date, and Pearson imprint that licensed the

2

Photographs. Exhibits 1 – 3 also identify additional information, including publication title and usage limitations, where known.

10.    Upon information and belief, licenses granted by the Licensees to Pearson, if any, were expressly limited by number of copies, distribution area, image size, language, duration and/or media (print or electronic).

11.    Upon information and belief, at the time Pearson represented to the Licensees that it intended to make specific, limited uses of Plaintiff's photographs, Pearson often knew its actual uses would exceed those it was disclosing to the Licensees.

12.    Shortly after obtaining access to the Photographs, upon information and belief, Pearson infringed Plaintiff's copyrights in various ways, including:

    a. printing or distributing more copies of the Photographs than authorized;

    b. distributing publications containing the Photographs outside the authorized distribution area;

    c. publishing the Photographs in electronic, ancillary, or derivative publications without permission;

    d. publishing the Photographs in international editions and foreign publications without permission; and

    e. publishing the Photographs beyond the specified time limits.

13.    Upon information and belief, after obtaining access to the Photographs, Pearson used the Photographs in additional publications without permission, or in excess of permission granted, but Plaintiff has no way of discovering these additional unauthorized uses.

14.    Pearson alone knows the full extent to which it has infringed Plaintiff's copyrights by making unauthorized uses of the Photographs, but it has refused to disclose this information.

3

15.     Other photographers and stock photography agencies have brought legal actions against Pearson alleging copyright infringement claims like those asserted by Plaintiff in this action. Since 2009, Pearson has been sued for copyright infringement in furtherance of the scheme described herein in at least 30 actions.

16.     On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained.

17.     On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."

18.     Pearson has been adjudicated a copyright infringer for engaging in the same practices that are alleged here. In *Bean et al., v. Pearson Education, Inc.*, 949 F.Supp.2d. 941 (D. Ariz. 2013), Pearson was found liable on summary judgment for 418 claims of unauthorized uses of photographs in its textbooks. In *Frerck v. Pearson Education, Inc.*, 63 F.Supp.3d 882 (N.D. Ill. 2014), Pearson was found liable on summary judgment for 343 claims of unauthorized uses of photographs in its textbooks.

19.     All exhibits attached hereto are incorporated into this Complaint by this reference.

## COUNT I

### COPYRIGHT INFRINGEMENT AGAINST Pearson

20.     Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

4

21.     The foregoing acts of Pearson constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

22.     Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

WHEREFORE, Plaintiff requests the following:

1.     A preliminary and permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2.     As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3.     An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiffs' Photographs or, where applicable and at Plaintiff's election, statutory damages.

4.     An award of Plaintiff's reasonable attorneys' fees.

5.     An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

5